[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS #188 AND #190AND DISCOVERY ORDER
Phillip L. Steele for plaintiff.
No appearance for defendant.
The defendants now move this court to dismiss the plaintiff's case, on the ground that the plaintiff fraudulently procured venue through the use of a false and erroneous address in the original summons filed in this action. Although the summons listed the plaintiff's address as "21 Ironworks Road, Clinton, CT," the defendants have subsequently learned through discovery that the plaintiff actually lived in Madison at that time. The defendants now seek dismissal of the plaintiff's action as a sanction for the alleged misrepresentations and resultant fraud upon the court.
Based on the stipulation of the parties submitted at oral argument this court finds that the plaintiff was not a resident at 21 Ironworks Road in Clinton and therefore was not a resident of Middlesex County at the time this action was filed. He was at that time a resident of Madison and also remained a resident of Madison at least up to the time of his deposition. General Statutes § 51-345(a)(3) requires that civil process be returned to the judicial district where either the plaintiff or the defendants reside. Since neither the plaintiff nor any of the defendants reside in Middlesex County, the court must therefore conclude that venue is improper in this judicial district.
The defendants have chosen strong language in their characterization of the plaintiff's actions, and have requested an equally powerful sanction from this court. "Courts should be reluctant to employ the sanction of dismissal except as a last resort." Fox v. First Bank, 198 Conn. 34, 39, (1985). This action is only appropriate where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority. Id. Moreover, the plaintiffs have alleged fraudulent misconduct CT Page 8199 on the part of the plaintiff in filing these papers before this court, and fraud must be proven by clear and convincing evidence.Kilduff v. Adams, Inc., 219 Conn. 314, 327 (1991).
While the laying of venue in Middlesex County may have had certain tactical advantages for the plaintiff in this action, the court does not find by clear and convincing evidence that this was a fraud upon the court. However, given the circumstances this court is compelled to grant the alternative sanction requested by the defendants, namely that the case be transferred to the judicial district of New Haven pursuant to General Statutes § 51-347B. While the court is mindful that all of the discovery and trial preparation to date has been completed in this judicial district, and furthermore that the case is scheduled for trial next month, nevertheless the court will order a transfer to New Haven in view of the defendants' objections to the case remaining in Middlesex county. Although the defendant's objection is made at a late juncture in the case, the plaintiff is estopped by its conduct from claiming any prejudice thereby.
Accordingly, the defendants' motions to dismiss are denied, and the case is hereby ordered transferred to the judicial district of New Haven. This court will also rule on the following outstanding discovery motions in order to complete the file as much as possible before transfer:
 #181: Defendant Ward's Motion for Extension of Time is denied in accordance with this court's earlier ruling on May 17, 1994.
 #186: Plaintiff's Motion for Order of Compliance is granted; the motion for entry of default and for costs and fees is denied.
Finally, this court concurs with the defendants' concerns about the possible introduction of elements of a mental distress claim despite removal of the express counts from the plaintiff's amended complaint. Accordingly, the court will order the plaintiff to comply with Defendant Fabricant's First Request for Admissions dated April 11, 1994, as a method of resolving this potential conflict. The plaintiff is hereby ordered to comply with the defendant's First Request for Admissions within thirty days of the date of this order.
ARENA, J. CT Page 8200